IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. |
| ) | |
| DORTHEA E. ALEXANDER ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT FOR PERMANENT INJUNCTION**

The United States of America, plaintiff, alleges against Dorthea E. Alexander, defendant, as follows:

**Nature of Complaint**

1. This is a civil action brought by the United States of America to enjoin Dorthea E. Alexander, and any entity through which she conducts business and all persons and entities in active concert or participation with her, from:

   a. preparing or assisting in the preparation of any federal income tax return for any other person or entity;

   b. understating taxpayers' tax liabilities as is subject to penalty under § 6694 of the Internal Revenue Code, 26 U.S.C. ("I.R.C.");

   c. failing to exercise due diligence in determining eligibility for the earned income credit as required by I.R.C. § 6695(g);

   d. aiding or assisting others with the preparation of any portion of a tax return or other document to be used in connection with a material matter arising under the

1

internal revenue laws and which the defendant knows will, if so used, result in the understatement of another person's tax liability, as prohibited by I.R.C. §6701;

e. engaging in similar conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Jurisdiction and Venue

2. This action has been requested by a delegate of the Secretary of the Treasury, and commenced at the direction of a delegate of the Attorney General of the United States, pursuant to the provisions of I.R.C. §§ 7402, 7407 and 7408.

3. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 and 1345, and I.R.C. §§ 7402(a), 7407 and 7408.

4. Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because the defendant resides in this district and because a substantial part of the events giving rise to the claim occurred in this district.

## Defendant

5. Dorthea E. Alexander resides in Leola, Pennsylvania.

6. Alexander is a federal tax return preparer. She prepares other people's federal tax returns for compensation.

7. Alexander was trained in tax return preparation by Jackson Hewitt Tax Service, where she worked from 1996 to approximately 2002. She has attended annual update training in tax preparation.

8. In about 2002 Alexander began employment at Pawn Plus, Inc., 501 Abbot Drive, Broomall, Pennsylvania. She received tax return preparation training there as well.

9. From approximately 2002 to 2008, the duration of her employment at Pawn Plus, Alexander prepared tax returns and supervised other tax preparers. She was in charge of Pawn Plus's tax preparation department. In 2009, she prepared tax returns for compensation at Susquehanna Tax LLC a/k/a Liberty Tax Service, which has since changed its name to Advanced Retirement Planning, LTD.

### Defendant's Activities

10. Alexander prepares false or fraudulent federal income tax returns for customers. She falsifies and fabricates expenses and deductions on returns she prepares, including charitable deductions, employee business expenses, medical and dental expenses, and miscellaneous deductions. She also knowingly makes improper claims for dependent exemptions, the earned income credit, and the child tax credit. She also lists a false filing status on her customers' returns.

11. Alexander knowingly claimed dependent exemptions to which her customers were not entitled by using the names and Social Security numbers of individuals with no qualifying relationship to the customers. These dependents were often claimed by different customers in different tax years. In some cases, Alexander charged customers part of their tax refund for putting improper dependents on the return.

12. Alexander claimed deductions, credits, and filing statuses for customers without discussing the requirements with them and without their knowledge. At the time of return preparation, the customers often had given Alexander no information on which to base the deductions, credits, and filing statuses that Alexander included on their returns.

13. The false positions that Alexander took on tax returns generated refunds or inflated

refunds to which the customers were not entitled. Pawn Plus acquired a reputation for getting large refunds for customers, which brought in more business in the Lancaster, Pennsylvania area. In addition, Pawn Plus often issued refund anticipation loans to customers, who then paid the return preparation fee out of the loan.

14. Internal Revenue Service records show Alexander to be the preparer of 689 federal income tax returns during the 2005 - 2008 tax-preparation years (which correspond to the 2004 - 2007 tax years). Pawn Plus's Lancaster location, where Alexander was the tax supervisor, transmitted a total of 3,054 returns in this period.

15. The IRS audited 34 of the returns prepared at Pawn Plus's Lancaster office for tax years 2006 and 2007. The audits resulted in deficiencies for every return, with an average deficiency of $3,537 per return. The following patterns are of note:

    a. On each of the 17 returns claiming a medical expense deduction, the IRS disallowed the deduction in whole or in part;

    b. On 9 of the 10 returns claiming a charitable contribution deduction, the IRS disallowed the deduction in whole or in part;

    c. On each of the 24 returns claiming a net limited miscellaneous deduction, the IRS disallowed the deduction in whole or in part;

    d. On each of the 15 returns claiming the earned income credit, the IRS disallowed the credit in whole or in part.

16. In addition, an analysis of the 224 returns Alexander prepared for the 2007 tax year revealed that 42 of the dependents Alexander had claimed on her customers' returns in that year had been claimed by different customers for the 2005 and 2006 tax years.

17. In part due to the improper dependent exemption claims made by Alexander, 23 of the 34 audited returns reported an incorrect filing status. The filing status was corrected from head-of-household to single on 20 of the tax returns, and from head-of-household to married filing separately on three other returns. The head-of-household status affords a taxpayer a larger standard deduction than either single or married filing separately.

18. Using the average deficiency of $3,537 per return and the number of returns believed to have been prepared by or under the supervision of Alexander for the 2004 to 2007 tax years – 3,054 – the total harm to the Treasury from Alexander's misconduct for these tax years is likely in the millions of dollars, and could be as high as $10.8 million.

19. This estimated harm to the government does not include the substantial time and resources already spent and which will be spent by the IRS on auditing Alexander's customers and collecting any deficiencies.

20. The U.S. Treasury will likely never recover the full amount of the deficiencies that resulted from Alexander's misconduct. Alexander's misconduct subjects her customers to IRS examination, which result in penalties and interest assessed against them. The IRS does not have sufficient resources to audit all 3,054 returns transmitted from Pawn Plus's Lancaster location from 2005 to 2008, where Alexander was supervisor.

21. Since Alexander left the employment of Pawn Plus in 2008, she has continued to prepare tax returns for compensation. In 2009, she worked at Susquehanna Tax LLC a/k/a Liberty Tax Service, which is now known as Advanced Retirement Planning LTD. According to IRS records, she prepared 88 federal tax returns for tax year 2008 during 2009. She is likely still preparing tax returns now.

## Example 1

22. Aly Chaibou went to Pawn Plus's Lancaster location for tax preparation services for the 2006 and 2007 tax years. He had immigrated from Niger in 2002 and had little or no working knowledge of U.S. federal tax law.

23. Alexander prepared Chaibou's federal income tax returns for both tax years, with the exception of a 2006 amended return prepared by another Pawn Plus employee. Alexander appeared to Chaibou to be the tax preparer supervisor and was his contact person at all times.

24. The original return for 2006 that Alexander prepared for Chaibou contained the following fraudulent information:

    a.    An understatement of Chaibou's wage income. Chaibou gave Alexander his Form W-2, which showed income of $30,162 and federal tax withholding of $1,384. However, on the return she prepared, Alexander reported wage income of $19,610 and federal withholding of $1,384, which resulted in an incorrect reported tax of $216 and an earned income credit of $3,522 shown on the return;

    b.    Alexander listed two dependents, who bore no relationship to Chaibou and who had been claimed as dependents by different people in other tax years;

    c.    Alexander claimed an incorrect head-of-household filing status resulting from the false dependents.

25. An IRS examination of Chaibou's 2006 return resulted in his tax being increased to $1,371 and a decrease of the earned income credit to $1,300. The IRS examiner did not discover that the claimed exemptions for dependents were false. Had that been discovered,

Chaibou would have owed additional tax at that time.

26. Chaibou went back to Pawn Plus to have an amended 2006 return prepared. The amended return, which was prepared by another preparer under Alexander's supervision. An IRS examination of the 2006 amended return revealed that the dependent exemptions and the head-of-household filing status, as reported on both the original and amended returns, were false, and that the amended return claimed a false earned income credit of $1,300.

27. Chaibou's 2007 return, which Alexander prepared, contained the following fraudulent information:

  a. Two dependents who bore no relationship to Chaibou and who were claimed as dependents by different people in other tax years, resulting in his claiming an incorrect head-of-household filing status as well as an earned income credit of $455, a child tax credit of $636, and an additional child tax credit of $1,364, all of which were fraudulent;

  b. False child and dependent care expenses of $1,440.

28. For both tax years, Alexander told Chaibou that he "could use some dependents," which would give him a larger tax refund, and that Alexander's claiming those dependents on the return would cost him additional return-preparation fees equal to half of his refund. Alexander never discussed the requirements for claiming dependent exemptions with Chaibou. Chaibou obtained a refund anticipation loan from Pawn Plus and paid Alexander half of the proceeds.

29. Alexander never reviewed or discussed the requirements for claiming the head-of-household filing status with Chaibou.

30. For both tax years, Chaibou gave Alexander no information on which to base his tax

returns other than his Form W-2.

## Example 2

31. Eric Archibald went to Pawn Plus's Lancaster location for tax-preparation services for the 2006 and 2007 tax years. Alexander prepared Archibald's tax returns for both tax years.

32. The 2006 return contained the following fraudulent information:

   a. False employee business expenses of $6,500;

   b. False miscellaneous expenses of $6,845.

33. To take the employee business expense deduction, Alexander asked Archibald how far he commuted to work and whether his job had a dress code. Archibald gave Alexander information about his commute and told her that he had to wear an ordinary button-down shirt and slacks in certain areas of his workplace. Alexander took deductions related to these expenses on the return, even though commuting costs and normal clothing suitable for non-work occasions are not deductible expenses.

34. Archibald's 2007 return contained the following fraudulent information:

   a. A claimed dependent exemption for a woman whom Archibald had told Alexander was his girlfriend, but who appeared on the return as his sister;

   b. False charitable contributions of $6,000;

   c. False miscellaneous expenses of $7,500.

35. To qualify as a dependent, an individual must meet – among others – a relationship test and a residence test. A girlfriend does not pass the relationship test. In addition, Archibald told Alexander that his girlfriend had only lived with him for two or three months in 2007. The residence test requires the dependent to have lived with the taxpayer for over half the year.

36. Alexander claimed $6,000 as a charitable deduction on the return even though Archibald did not mention having made any such contributions.

### Example 3

37. Patricia Williams went to Pawn Plus's Lancaster location for tax preparation services for the 2006 and 2007 tax years. Alexander prepared Williams's tax returns for both tax years. The following fabricated expenses were claimed on the returns:

|  | 2006 | 2007 |
|---|---|---|
| Education credit | $943 | $648 |
| Medical expenses | $7,890 | $7,800 |
| Employee business expenses | $4,900 | $4,900 |
| Miscellaneous expenses | $7,180 | $2,900 |
| Charitable contributions | n/a | $4,280 |

38. Williams did not give Alexander any information to suggest that Williams had in fact incurred these expenses — Alexander simply made them up.

### COUNT I: INJUNCTION UNDER I.R.C. § 7407

39. The United States incorporates the allegations of paragraphs 1 through 38.

40. Section 7407 of the Internal Revenue Code authorizes courts to enjoin a person from acting as a tax preparer if that person has continually or repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694 or 6695, and if an injunction that only prohibits the conduct would not be sufficient to prevent the person from interfering with the proper administration of the federal tax laws.

41. Section 6694 of the I.R.C. imposes penalties on a tax return preparer who either (a)

prepared a return or claim for refund that results in an understatement of tax liability due to an unreasonable position, without reasonable cause for the understatement or good faith; or (b) willfully attempted to understate tax liability, or recklessly or intentionally disregarded rules and regulations in connection with an understatement of tax liability. Under the current version of § 6694(a), if a position is or was not supported by substantial authority, it is unreasonable. I.R.C. § 6694(a)(2)(A) (2011) (as amended). Before the amendment of § 6694(a) in 2008, a position is unreasonable if (1) the tax preparer knew or reasonably should have known of the position, (2) there was no reasonable belief that the position would more likely than not be sustained on its merits, and (3) either (a) was not disclosed in a manner provided in the I.R.C., or (b) if no reasonable basis existed for the position. I.R.C. § 6694(a)(2)(A)-(C) (2008).

42. Section 6695 of the I.R.C. imposes penalties on a tax return preparer who fails to comply with due-diligence requirements when determining eligibility for or the amount of the earned income tax credit.

43. From 2005 to 2008 Alexander was a tax return preparer as defined by I.R.C. § 7701(a)(36) because she prepared other people's tax returns for compensation. She continued to prepare tax returns for compensation with another employer in 2009.

44. Alexander engaged in conduct subject to penalty under § 6694(a) and (b) by preparing returns that resulted in the understatement of tax liability as a result of an unreasonable position, as defined in both pre- and post-2008 versions of § 6694(a); and willfully attempting to understate her customers' tax liability or recklessly and intentionally disregarding rules and regulations. She prepared returns on which she fabricated deductible expenses such as false employee business expenses, false medical and dental expenses, and false charitable

contributions. She misrepresented her customers' eligibility for dependent exemptions and the head-of-household filing status.

45. Alexander also failed to comply with due-diligence requirements with regard to her customers' eligibility for the earned income credit and thus violated § 6695(g). Because eligibility for and the amount of the credit are linked to taxable income and family relationships, Alexander's misrepresentations about her customers' deductible expenses and dependents misstated their entitlement to the credit.

46. An injunction is appropriate to prevent this misconduct because, absent an injunction, Alexander is likely to continue to prepare false federal income tax returns and engage in other misconduct of the type described in the complaint.

47. Alexander should be permanently enjoined under I.R.C. § 7407 from acting as a federal tax return preparer. Her repeated and continual conduct over several years subject to an injunction under § 7407, as well as the egregious nature of her fabricated items on customer tax returns, demonstrate that a narrower injunction prohibiting specific misconduct would be insufficient to prevent her interference with the proper administration of the internal revenue laws.

## COUNT II: INJUNCTION UNDER I.R.C. § 7408

48. The United States incorporates the allegations of paragraphs 1 through 47.

49. Section § 7408 of the I.R.C. authorizes courts to issue injunctions against conduct that is subject to penalty under I.R.C. § 6701 if injunctive relief is appropriate to prevent recurrence of that conduct.

50. Section § 6701 penalizes any person who aids or assists in the preparation of any part

of a tax return or other document knowing that it will be used in connection with any material matter arising under the internal revenue laws and knowing that, if it is so used, it would result in the understatement of another person's tax liability.

51. As shown above, Alexander prepared federal tax returns for others knowing that the returns would result in the understatement of another person's federal tax liability. She engaged in conduct that is subject to penalty under I.R.C. § 6701.

52. Unless enjoined by the Court, Alexander is likely to continue to prepare tax returns that she knows would result in the understatement of tax liability. Accordingly, she should be enjoined under I.R.C. § 7408 from engaging in conduct subject to penalty under § 6701.

### COUNT III: INJUNCTION UNDER I.R.C. § 7402

53. The United States incorporates the allegations of paragraphs 1 through 51.

54. Section 7402(a) of the I.R.C. authorizes courts to issue injunctions as may be necessary or appropriate to enforce the internal revenue laws. The remedies available to the United States under the statute "are in addition to and not exclusive of any and all other remedies." I.R.C. § 7402(a).

55. Through actions described above, Alexander engaged in conduct that substantially interferes with the administration and enforcement of the internal revenue laws, and is likely to do so in the future unless enjoined.

56. Alexander's conduct has caused irreparable injury to the United States and an injunction under I.R.C. § 7402(a) is necessary and appropriate. If Alexander is not enjoined from preparing tax returns, the United States will suffer irreparable injury by erroneously providing tax refunds to persons not entitled to receive them and from taxpayers' not reporting and paying the

correct amount of taxes.

57. Unless Alexander is enjoined, the IRS will have to devote substantial time and resources to identify and locate her customers, and then examine those customers' tax returns. Given the IRS's limited resources, pursuing all individual customers may be impossible.

58. In addition to the harm caused by Alexander's preparation of false income tax returns, Alexander's activities undermine confidence in the administration of the federal tax system and encourage noncompliance with the internal revenue laws.

59. Enjoining Alexander is in the public interest because an injunction will stop her illegal conduct and the harm it causes the United States.

60. The Court should therefore order injunctive relief under I.R.C. § 7402(a).

WHEREFORE, the United States requests that the Court:

A. Find that Alexander continually and repeatedly engaged in conduct subject to penalty under I.R.C. §§ 6694, 6695 and 6701, and that injunctive relief limited to prohibiting such conduct would not be sufficient to prevent her interference with the proper administration of the Internal Revenue Code;

B. Enter a permanent injunction pursuant to I.R.C. § 7407 prohibiting Alexander from preparing or assisting in the preparation of federal income tax returns or other related documents and forms for others;

C. Find that Alexander engaged in conduct that interferes with the enforcement of internal revenue laws, and that injunctive relief against her is appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and I.R.C. § 7402(a);

D. Order Alexander to contact all persons for whom she prepared or assisted in

preparing a federal tax return after January 1, 2003, and inform those persons of the entry of the Court's findings on this matter and enclose a copy of the permanent injunction entered against Alexander, and file with the Court within twenty days of the date of the permanent injunction is entered a certificate signed under penalty of perjury that she has done so, pursuant to I.R.C. § 7402(a);

  E. Order Alexander to turn over to the United States either copies of all federal income tax returns she has prepared for other persons since January 1, 2003, or a list of the names, addresses, e-mail addresses, and Social Security numbers (and any other federal tax identification numbers), telephone numbers, and pertinent tax years of all persons for whom Alexander prepared or assisted in preparing federal income tax returns since January 1, 2003, pursuant to I.R.C. § 7402(a);

  F. Authorize the United States to engage in post-judgment discovery pursuant to the Federal Rules of Civil Procedure in order to monitor compliance with the Court's injunction; and

  G. Grant the United States such other and further relief as the Court deems appropriate.

Dated: May 2, 2011.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

/s/ Sherra Wong

SHERRA WONG, NY Bar #4894895
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-1882
Fax: (202) 514-6770
E-mail: sherra.t.wong@usdoj.gov

15